UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310RSL<br><br>ORDER GRANTING IN PART MOTION TO DISMISS INDICTMENT OR SUPPRESS EVIDENCE |

This matter comes before the Court on defendant's "Motion To Dismiss Indictment Or Suppress Evidence." Dkt. # 41. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and having considered the evidence and arguments presented during the November 4, 2014 hearing, the Court finds as follows:

### I. BACKGROUND

In June 2013, United States Magistrate Judge James P. Donohue signed a warrant authorizing the United States Secret Service to seize and search a USB flash drive in defendant's possession. Dkt. # 48-2 (Warrant). Defendant was a prisoner at the Snohomish County Jail at the time, and was using the drive to store information relevant to several open litigation matters in which he was involved, although the government suspected that the drive also contained evidence that defendant had committed fraud while in prison. Dkt. ## 41 at 2, 48-1 (Warrant Aff.) at 15-23. To ensure that legally-privileged material on the drive would not be furnished to

ORDER GRANTING IN PART MOTION TO
DISMISS INDICTMENT OR SUPPRESS EVIDENCE - 1

the prosecution, the government created a "taint team" - consisting of an Assistant United States Attorney ("AUSA") and a Secret Service agent who were otherwise uninvolved in defendant's investigation or prosecution - to review the materials on the drive and forward only non-privileged evidence to the prosecution team.  Hr'g Test. Nov. 4, 2014.

The evidence from the drive that was furnished to prosecutors helped lead to defendant's indictment in September 2013 on fraud charges.  Dkt. # 48 (Gov. Resp.) at 8.  In August 2014, defendant filed the instant motion, arguing that the seizure and search of the drive (and the prosecution's use of evidence recovered therefrom) violated his Sixth Amendment right to counsel and his Fifth Amendment right to due process, and requesting that the Court either dismiss the indictment or suppress all of the evidence obtained from it.  Dkt. # 41.

At the evidentiary hearing on November 4, 2014, the Court heard credible and persuasive testimony that the only materials from the drive accessed by the prosecution team were those furnished by the taint team.  However, the taint team's AUSA testified that he only performed a "spot check" of privilege determinations made by a Secret Service agent who lacked legal training.  More problematically, the taint team seemed prepared only to look for communications between defendant and his attorneys, and not for legal research or strategy by defendant himself where he was acting as his own lawyer.  Defendant presented two documents that the taint team had shared with defendant's prosecutors, consisting of notes and legal research prepared by defendant apparently relating to his unrelated ongoing state court cases.  Dkt. # 58 (Exh. 1A, 2B).  These documents fell squarely within the warrant affidavit's description of materials that would be closely reviewed for privilege, Dkt. # 48-1 at 21, and it was clear from testimony given at the hearing that these two documents had not received such special scrutiny.

## II. DISCUSSION

### A.     Waiver of Privilege

The government contends that because defendant's arguments all rest on the notion that the USB drive contained privileged materials, these arguments fail because defendant waived

ORDER GRANTING IN PART MOTION TO
DISMISS INDICTMENT OR SUPPRESS EVIDENCE - 2

privilege by failing to bring the instant motion in a timely fashion. Dkt. # 48 at 9.

A party waives privilege in "involuntarily disclosed" documents if he "fails to pursue all reasonable means of preserving the confidentiality of the privileged matter." United States v. de la Jara, 973 F.2d 746, 750 (9th Cir. 1992).  In de la Jara, the court held that defendant had waived attorney-client privilege as to a letter he had written to his attorney by failing to assert privilege in the six-month gap between the seizure of the letter by the government and its introduction as evidence at trial. Id.  By contrast, defendant here did not file the instant motion until fourteen months after the drive's seizure and return, eleven months after his indictment, ten months after he had received a list of the files furnished by the taint team and eight months after he had received a copy of a memo describing the taint team's activities.  Dkt. ## 48-2, 16, 47-7 (Report letter), 48-3 (Memo letter).  It can perhaps be argued that defendant did not need to assert privilege expeditiously, given that the government was fully aware that the USB drive would contain privileged materials and defendant filed his motion before the close of the pretrial motions deadline.  Dkt. # 52 (Def. Reply) at 4-5.  However, the Court need not decide this issue, because defendant's arguments fail even assuming arguendo that privilege was not waived.

**B.     Sixth Amendment**

The Ninth Circuit holds that a Sixth Amendment violation only results from the government's intrusion into an attorney-client relationship where the intrusion "substantially prejudices" the defendant.  United States v. Danielson, 325 F.3d 1054, 1072 (9th Cir. 2003). Assuming there was an intrusion,[1] the Court finds no prejudice, here.  First, the only arguably-

---

[1] Defendant argues that the government's conduct triggered his Sixth Amendment right to counsel despite the fact that defendant had not yet been indicted at the time that his USB drive was seized.  Dkt. # 41 at 6-7.  While the government has not challenged this argument, it presents a valid issue.  While the court in In re Grand Jury Proceedings, 33 F.3d 1060, 1062 (9th Cir. 1994), held that the government's interference with a defendant's attorney-client relationship pre-indictment could implicate the Sixth Amendment, the Ninth Circuit has more recently stated that, as a "bright line rule," Sixth Amendment rights are only triggered by post-indictment government conduct.  United States v. Hayes, 231 F.3d 663, 675 (9th Cir. 2000) (en banc). Nevertheless, the Court need not resolve this issue, as defendant's Sixth Amendment theory fails on other grounds.

ORDER GRANTING IN PART MOTION TO
DISMISS INDICTMENT OR SUPPRESS EVIDENCE - 3

privileged documents that defendant has identified that passed to the prosecution team do not appear relevant to the current charges against him.  Second, the Court sees no prejudice arising from the government's review and use of non-privileged materials from the drive; the Danielson court clearly contemplated that prejudice would only arise from an "intrusion" like the one alleged where prosecutors failed to insulate themselves from privileged evidence, and that using other evidence gleaned from the intrusion would not be prejudicial.  See id. at 1072-73.[2]

### C.     Fifth Amendment

To establish a Fifth Amendment due process violation, a defendant must demonstrate government misconduct so outrageous as to be "shocking to the universal sense of justice." United States v. Gurolla, 333 F.3d 944, 950 (9th Cir. 2003).  When this misconduct consists of interfering with a defendant's attorney-client relationship, the defendant must prove that the government's "deliberate intrusion" into this relationship resulted in him suffering "actual and substantial prejudice."  United States v. Stringer, 535 F.3d 929, 941 (9th Cir. 2008) (adopting the test from United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996)).  Again, defendant cannot show that he was substantially prejudiced by his prosecutors obtaining two arguably-privileged documents that have no clear relevance to the current charges against him.  Furthermore, defendant is not prejudiced within the contemplation of this Fifth Amendment test by the government's use of non-privileged evidence from the drive.  See United States v. SDI Future Health, Inc., 464 F. Supp. 2d 1027, 1055 (D. Nev. 2006); see also Voigt, 89 F.3d at 1070.

### D.     Supervisory Powers

The Court may exercise its supervisory powers to dismiss an indictment in response to outrageous government conduct that, while falling short of a due process violation, is flagrant and causes substantial prejudice to a defendant.  United States v. Fernandez, 388 F.3d 1199,

---

[2] Defendant argues that the burden is on the government to prove that it does not plan to use any privileged materials from the drive against him (i.e., any privileged documents missed by the taint team).  However, Danielson only imposes this burden on the government where a defendant first shows that his prosecutors obtained information concerning his trial strategy relating to the charges against him, and defendant has not made this showing.  See id. at 1070-72.

ORDER GRANTING IN PART MOTION TO
DISMISS INDICTMENT OR SUPPRESS EVIDENCE - 4

1239 (9th Cir. 2004).  The Danielson court's implied endorsement of taint teams suggests that the government's seizure and review of the drive was not outrageous, 325 F.3d at 1072-73; and defendant has not shown that the taint team's lack of care prejudiced him.

### E. Non-Compliance with Warrant

Although defendant's arguments for dismissing the indictment or suppressing the evidence fail, the fact remains that two documents were shared with defendant's prosecutors[3] that, under the terms of the warrant affidavit on which Judge Donohue relied, should have undergone a more rigorous review for privilege.  Dkt. # 48-1 at 21-23.  The Court finds that the affidavit was available to the taint team, and the language of the warrant sufficed to incorporate the affidavit by reference, see United States v. SDI Future Health, Inc., 568 F.3d 684, 700 (9th Cir. 2009); thus, the Court finds that the affidavit was part of the warrant and defined its terms, see United States v. Towne, 997 F.2d 537, 549 (9th Cir. 1993).  A search must be limited to the terms of the warrant.  United States v. Crozier, 777 F.2d 1376, 1381 (9th Cir. 1985).  Consistent with this rule, the Court will suppress these two documents.  However, the Court finds that any government action inconsistent with the scope of the warrant was not the product of bad faith or intent.  Because the government did not "flagrantly disregard" the warrant's terms, no stronger remedy is necessary.  Id.

---

[3] The AUSA handling defendant's prosecution asserted during the November 4 hearing that he never saw these two documents, and the Court's ruling today ensures that he will not going forward.

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART defendant's motion. Dkt. # 41.  Two documents will be suppressed.  Dkt. # 59 (Exh. 1A and 2B).

DATED this 14th day of November, 2014.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION TO
DISMISS INDICTMENT OR SUPPRESS EVIDENCE - 6