1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

        Plaintiff,

10                                                    Case No. CR13-310RSL

11      v.

12  MUHAMMED ZBEIDA TILLISY,                          ORDER DENYING MOTION
                                                      TO SEVER COUNTS
        Defendant.

13

14

15      This matter comes before the Court on defendant's "Motion to Sever Counts."  Dkt. # 42.

16  Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court

17  finds as follows:

18                                  **I.  BACKGROUND**

19      Defendant's indictment contains two sets of counts: the first set (Counts 1-3) concerns

20  defendant's alleged attempt to escape prison by impersonating federal officials in September

21  2012, Dkt. # 16 (Indictment) at 1-2; the second set (Counts 4-10) concerns defendant's alleged

22  attempts to enrich himself and to obtain confidential phone records through fraud schemes

23  (which also involved impersonating federal officers) that were executed between March and

24  May 2013, id. at 3-6.  It is undisputed that defendant was in the Snohomish County Jail during

25  both time periods at issue.  Dkt. ## 42 at 10, 50 (Gov. Resp.) at 7.  Defendant seeks to sever

26  these sets of counts into two separate cases for trial, arguing that they were misjoined under Fed.

27

28  ORDER DENYING MOTION
    TO SEVER COUNTS - 1

R. Crim. P. 8(a), and alternatively arguing that their joinder is so prejudicial as to necessitate severance under Fed. R. Crim. P. 14(a).  Importantly, defendant has indicated that he will assert an insanity defense to both sets of counts.  Hr'g Oral Arg. Nov. 14, 2014.

## II. DISCUSSION

### 1.    Rule 8(a) Joinder

Rule 8(a) of the Federal Rules of Criminal Procedure provides for the joinder of separate offenses. It states as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – [1] are of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  Rule 8(a) is broadly construed in favor of initial joinder given that Rule 14 is available to remedy any prejudice that may develop while the trial is in progress.  See United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007).  Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment.  Id. at 573-74 ("[T]the established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment.").  Importantly, the Court may consider facts that may be "reasonably inferred" from the face of the indictment, in addition to those that are readily apparent.  Id. at 578.

### a.    Common Scheme or Plan

Offenses constitute a common scheme or plan justifying joinder when "commission of one of the offenses []either depended upon []or necessarily led to the commission of the other" or "proof of the one act []either constituted []or depended upon proof of the other."  Jawara, 474 F.3d at 574 (citation omitted).  The Jawara court also noted that joinder was appropriate under this standard "[w]hen the joined counts are logically related, and there is a large area of overlapping proof[.]"  Id. (citation omitted).  Cases satisfying this standard "typically involve a concrete connection between the offenses that goes beyond mere thematic similarity."  Id.

ORDER DENYING MOTION
TO SEVER COUNTS - 2

1    The government argues that the logical relationship between all of the counts and their

2    overlapping proof justify joinder, suggesting that most of defendant's crimes were part of an

3    attempt to escape from prison through fraud, with the crimes in Counts 4-7 aimed at raising

4    money for bail.  Dkt. # 50 at 5.  However, the Court cannot speculate that Counts 4-7 reflect

5    defendant's attempts to raise money for bail, which is suggested nowhere in the indictment.

6    Furthermore, even if the Court could make this inference, it would be insufficient that

7    defendant's crimes had a common ultimate goal.  The <u>Jawara</u> court found the defendant's two

8    attempts to avoid deportation – first through document fraud and later through marriage fraud –

9    did not constitute a common scheme or plan because the plans did not appear to have

10   overlapping evidence or any connection to one-another.  474 F.3d at 575.  The government has a

11   stronger argument here than it did in <u>Jawara</u> because defendant allegedly impersonated federal

12   officers while perpetrating both sets of counts; and the Court may infer that all counts will have

13   common evidence concerning how defendant, while in prison, gained the means and opportunity

14   to commit the crimes alleged.  Nevertheless, the Court fails to see a sufficient connection

15   between defendant's alleged offenses to make them part of a common scheme or plan.

16              **b.    Same or Similar Character**

17   The factors establishing whether the sets of counts are of the "same or similar character"

18   are (1) the elements of the statutory offenses, (2) the temporal proximity of the acts, (3) the

19   likelihood and extent of evidentiary overlap, (4) the physical location of the acts, (5) the modus

20   operandi of the crimes, and (6) the identity of the victims.  <u>Jawara</u>, 474 F.3d at 578.  "[T]he

21   weight given to a particular factor will depend on the specific context of the case and the

22   allegations in the indictment."  <u>Id.</u>

23   While somewhat similar, several offenses in either set of counts have different elements

24   and will require different showings.  Furthermore, the sets of counts targeted different victims.

25   Nevertheless, several factors argue strongly in favor of joinder.  Defendant was in the same

26   location, the Snohomish County Jail, when he allegedly committed all of the counts of the

27

28   ORDER DENYING MOTION
     TO SEVER COUNTS - 3

1    indictment; this can be inferred from the indictment and is undisputed.  This fact allows the

2    Court to reasonably infer the type of extensive evidentiary overlap suggested in the

3    government's briefing; there will again be evidence common to all of the counts concerning how

4    defendant, as a prison inmate, gained the means and opportunity to commit his various deceptive

5    acts.  Furthermore, defendant has indicated that he will assert an insanity defense as to both sets

6    of counts; this further suggests evidentiary overlaps, as evidence of defendant's mental state

7    when committing one crime may reflect on his mental state while committing another.  Also,

8    defendant's pattern of impersonating federal officials to perpetrate fraud suffices to constitute a

9    modus operandi.  See United States v. Musso, 2013 WL 5492634, at *4 (D. Nev. Oct. 1, 2013)

10   (defendant's repeated impersonation of an individual to perpetrate real estate fraud constituted a

11   modus operandi).  Finally, the six-to-eight month gap between Counts 1-3 and the other counts

12   is not sufficiently great, all things considered, to weigh heavily against joinder.  United States v.

13   Rousseau, 257 F.3d 925, 932 (9th Cir. 2001) (finding firearms offenses eight months apart

14   properly joined).  While the court in United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990)

15   found that offenses that were thirteen days apart were misjoined, that court appeared to

16   emphasize that those offenses occurred in entirely different locations and had little in common.

17   The Court therefore finds that the sets of counts in defendant's indictment have a similar

18   character and were properly joined.

19          **2.      Rule 14(a)**

20          Because the Court finds that Rule 8(a) joinder is proper, it must turn to the issue of

21   whether keeping the sets of counts joined is so "manifestly prejudicial" as to outweigh concerns

22   of judicial economy and necessitate severance.  United States v. Lopez, 477 F.3d 1110, 1116

23   (9th Cir. 2007) (citation omitted).  Factors that the Court considers include whether strong

24   evidence supports either set of counts (such that an unsupported charge is not bolstered by

25   evidence against defendant relating to other charges), whether the evidence supporting one set of

26   counts would be admissible in a separate trial concerning the other, and whether jurors would

27

28   ORDER DENYING MOTION
     TO SEVER COUNTS - 4

1   have difficulty keeping the various counts and their supporting evidence separate in their minds.

2   Jawara, 474 F.3d at 577, 579-81; United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987).

3   Joinder of counts is the rule, rather than the exception.  United States v. Whitworth, 856 F.2d

4   1268, 1278 (9th Cir. 1988) (citation omitted).

5           The government proffers compelling evidence for both sets of counts, Dkt. # 50 at 5, 8;

6   and the sets of counts appear sufficiently distinct (despite their similarities and evidentiary

7   overlaps) that a jury could keep them separate if properly instructed.  Proper jury instructions

8   will also mitigate the risk of the jury inferring defendant's guilt for any count from evidence

9   unrelated to that count.  Jawara, 474 F.3d at 579-80; cf. Zafiro v. United States, 506 U.S. 534,

10  540 (1993) (noting that proper jury instructions can often "cure" the risk of prejudice arising

11  from joining co-defendants).  Finally, defendant is asserting an insanity defense to all counts.

12  This unusual factor does not appear in any case law on severance because, with an insanity

13  defense, all of the government's evidence will be admissible as probative of his mental health.

14  Considerations of judicial economy and the need to ensure consistent jury verdicts also argue in

15  favor of keeping the counts joined for a single trial where the defendant asserts an insanity

16  defense.  Consequently, the Court finds that the ends of judicial economy served by joinder and

17  the absence of prejudice to defendant from being tried for the different sets of counts

18  concurrently lead to a rejection of the motion to sever.  To the extent that any material change

19  occurs in the case going forward, the Court may revisit whether to sever under Rule 14(a),

20  pursuant to its "continuing duty at all stages of the trial to grant a severance if prejudice does

21  appear."  See Schaffer v. United States, 362 U.S. 511, 516 (1960).

22

23

24

25

26

27

28  ORDER DENYING MOTION
    TO SEVER COUNTS - 5

**III.  CONCLUSION**

For all of the foregoing reasons, the Court DENIES defendant's motion to sever counts. Dkt. # 42.


DATED this 14th day of November, 2014.



_MW S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO SEVER COUNTS - 6