UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MUHAMMED ZBEIDA TILLISY,

Defendant.

Case No. CR13-310 RSL-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Defendant Muhammed Tillisy's motion to appoint counsel (dkt. # 220) as referred by the Honorable Robert S. Lasnik. Defendant seeks appointment of counsel to assess the viability of a motion to reduce his sentence in this matter based on health concerns. For the reasons discussed below, the Court denies Defendant's motion without prejudice to raising it at the appropriate time.

## II.    BACKGROUND

Defendant is currently a prisoner in the custody of the State of Washington. (Mot. at 1.) Defendant represents that he suffers from a life threatening medical condition called pseudotumor and that he was also recently diagnosed with Chiari malformation. (*Id.*) Defendant

1    alleges he is unable to request an "extraordinary medical placement," presumably at his current

2    place of confinement, due to a detainer resulting from a federal conviction with a sentence of 84

3    months to be served consecutively to his current state sentences. (*Id.*) Defendant also alleges that

4    because he is in state custody, he has been unable to request that the Bureau of Prisons ("BOP")

5    file a motion on his behalf to reduce his federal sentence due to his medical condition pursuant to

6    the First Step Act, 18 U.S.C. § 3582. (*Id.* at 1-2.) Defendant seeks appointment of counsel to

7    assist in determining what possibilities are available to him. (*Id.* at 2.)

8          Although Defendant's motion states he is currently in state custody and has a federal

9    detainer, it does not provide further detail regarding his convictions and associated sentences. A

10   review of the docket sheds light on Defendant's criminal history in both the federal and state

11   courts. In relevant part, Defendant was sentenced by the Snohomish County Superior Court to a

12   120-month term of confinement for a 2012 conviction (*see State of Washington v. Tillisy,*

13   Snohomish County Sup. Ct., No. 12-1-01246-1) and a 43-month term of confinement for a 2013

14   conviction (*see State of Washington v. Tillisy*, Snohomish County Sup. Ct., No. 12-1-01574-5).

15   (Dkt. # 185 at 12.) As noted above, Defendant is to serve his federal sentence in this matter

16   consecutively to his state sentences. It also appears Defendant is to serve his sentence in this

17   matter consecutive to a previously imposed federal sentence for a violation of supervised

18   released in another action (*see United States v. Tillisy*, CR09-269 (W.D. Wash. 2013)). (Dkt. #

19   193.)

20                        **III.**    **DISCUSSION**

21         Defendant seeks appointment of counsel to assess if he can move for a reduction of his

22   federal sentence pursuant to the First Step Act, 18 U.S.C. § 3582. Under the First Step Act,

23   federal courts have statutory authority to modify an imposed term of imprisonment for

1    compassionate release under 18 U.S.C. § 3582(c)(1). Until recently, motions for compassionate

2    release could only be brought to the Court by the Director of the BOP. 18 U.S.C. §

3    3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act,

4    defendants may now bring their own motions for compassionate release after exhausting

5    administrative remedies within the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018).

6        A defendant may be eligible for compassionate release: (1) if the Court finds

7    "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is

8    at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the

9    offense for which the defendant is currently imprisoned, and the defendant is determined not to

10   pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility

11   prong, the Court must also find that a sentence reduction is "consistent with applicable policy

12   statements issued by the [United States] Sentencing Commission." (*Id.*) The Sentencing

13   Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. §

14   3553 when deciding a motion for compassionate release, and that the Court should not grant a

15   sentence reduction if the defendant poses a risk of danger to the community, as defined in the

16   Bail Reform Act. U.S.S.G. § 1B1.13.

17       Here, the Court finds that Defendant's motion is premature. As discussed above,

18   Defendant is currently in state custody serving state sentences, and will not enter federal custody

19   to begin his federal sentence until those sentences are complete. While the Court is cognizant of

20   Chief District Judge Ricardo Martinez's General Order 03-19, providing for appointment of

21   counsel for defendants seeking relief under of the First Step Act, the appointment of counsel and

22   the use of public defender resources is best utilized when Defendant is in federal custody.

23   Nothing in this order precludes Defendant from renewing his motion for appointment of counsel

to assess his eligibility for a motion for compassionate release pursuant to the Order once he

enters federal custody. Accordingly, Defendant's motion is denied.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's motion (dkt. # 220) is DENIED without

prejudice. The Clerk is directed to send copies of this order to the parties and to the Honorable

Robert S. Lasnik.

Dated this 17th day of April, 2020.


MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4