1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  UNITED STATES OF AMERICA,

9                              Plaintiff,          Case No. CR13-310 RSL

10          v.                                     ORDER

11  MUHAMMED ZBEIDA TILLISY,

12                              Defendant.

13

14                    **I.      INTRODUCTION**

15          This matter is before the Court on Defendant's second motion for appointment of

16  counsel, titled as an "Emergency Motion to Appoint Counsel" pursuant to General Order 03-19[1]

17  (Mot. (dkt. # 227)), referred by the Honorable Robert S. Lasnik. Having considered Defendant's

18  submission, the governing law, and the balance of the record, the Court orders Defendant's

19  motion be GRANTED, in part, and DENIED, in part.

20
21
22
23

---

[1] Defendant's motion refers to "General Order 09-13?" Based on Defendant's previous motion for
appointment of counsel (dkt. # 220) and Chief Judge Martinez's General Orders, it appears Defendant is
referring to General Order 03-19.

ORDER - 1

## II.   BACKGROUND

Defendant is currently a prisoner in the custody of the State of Washington. Defendant previously submitted a motion to appoint counsel to assess the viability of a motion to reduce his sentence in this matter based on health concerns. (Dkt. # 220.) Specifically, Defendant represented that he suffers from life threatening medical conditions and is unable to request "extraordinary medical placement" in his current confinement. (*Id.* at 1.) Defendant also asserted he was unable to request that the Bureau of Prisons ("BOP") file a motion on his behalf to reduce his federal sentence due to his medical conditions pursuant to the First Step Act, 18 U.S.C. § 3582 because he is in state custody. (*Id.* at 1-2.)

Defendant's initial motion did not provide detail regarding his convictions and sentences in both state and federal custody. A review of the docket showed Defendant was sentenced by the Snohomish County Superior Court to a 120-month term of confinement for a 2012 conviction (*see State of Washington v. Tillisy,* Snohomish County Sup. Ct., No. 12-1-01246-1) and a 43-month term of confinement for a 2013 conviction (*see State of Washington v. Tillisy*, Snohomish County Sup. Ct., No. 12-1-01574-5). (Dkt. # 185 at 12.)

The Court denied Defendant's motion, finding it premature. (Order (Dkt. # 224).) The Court acknowledged General Order 03-19 but found the use of public defender resources would be best utilized when Defendant is in federal custody. (*Id.*) The Court advised Defendant he was free to renew his motion in the future. (*Id.*)

Defendant's second motion again asserts he is serving consecutive sentences in state and federal custody and asserts appointment of counsel is the only in which he can pursue a Frist Step Act claim. (Mot. at 1.) He also appears to assert he was taken out of state custody to conduct his federal trial and therefore his federal judgment is "operative," and he must be

1    permitted to contest his federal sentence. (*Id.*) Plaintiff also asserts that in November 2020 he

2    underwent brain surgery for the fourth time. (*Id.* at 3.)

3                                   **III.    DISCUSSION**

4            As discussed in the Court's previous order, the First Step Act, 18 U.S.C. § 3582, allows

5    for a reduction in federal sentences. (Order at 2-3.) Until recently, motions for compassionate

6    release could only be brought to the Court by the Director of the BOP. 18 U.S.C. §

7    3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act,

8    defendants may now bring their own motions for compassionate release after exhausting

9    administrative remedies within the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant may be

10   eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons"

11   to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least

12   30 years in prison pursuant to a sentence imposed for the offense for which the defendant is

13   currently imprisoned, and the defendant is determined not to pose a risk of danger to the

14   community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find

15   that a sentence reduction is "consistent with applicable policy statements issued by the [United

16   States] Sentencing Commission." (*Id.*) The Sentencing Guidelines instruct that the Court should

17   consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for

18   compassionate release, and that the Court should not grant a sentence reduction if the defendant

19   poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

20          Defendant argues his current confinement in state custody should not be a bar to pursuing

21   his claim because neither the applicable statute nor congressional intent requires a defendant be

22   in federal custody to receive relief. (*Id.* at 2.) Defendant also notes Chief Judge Martinez's Order

23   "did not preclude state inmates with consecutive federal sentences" and that doing so would

violate Defendant's right to access the court. (*Id.*) Defendant further asserts that denial of this opportunity would violate his First Amendment right to access the courts. (*Id.*)

It appears from the record that appointment of counsel may be warranted in the instant action, especially in light of Defendant's recent surgery. However, the Court has insufficient information at present to determine whether the interests of justice, in fact, require such an appointment.

Accordingly, the Court does hereby ORDER as follows:

(1)     This matter is referred to the Office of the Federal Public Defender for review.

(2)     Within ***twenty-one (21) days*** of the date on which this Order is signed, the Office of the Federal Public Defender shall advise the Court whether it intends to seek appointment in this matter. If the Office of the Federal Public Defender determines that it will seek appointment in this matter, it shall assist Defendant in preparing a motion for appointment of counsel as well as a financial affidavit which will allow the Court to determine whether Defendant is financially eligible for such an appointment.

(3)     The Clerk is directed to send copies of this Order to Defendant, the Office of the Federal Public Defender, and the Honorable Robert S. Lasnik.

Dated this 2nd day of February, 2021.


_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4