UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310RSL<br><br>ORDER DENYING MOTION TO SUSPEND EXECUTION OF JUDGMENT AND MOTION TO APPOINT COUNSEL |

This matter comes before the Court on defendant's "Motion to Suspend Execution of Judgment" (Dkt. # 236) and third "Motion to Appoint Counsel" (Dkt. # 235). Defendant is currently a prisoner in the custody of the State of Washington. Dkts. # 235 at 2, 4 # 236 at 1; Inmate Search, Department of Corrections Washington State, https://doc.wa.gov/information/inmate-search/default.aspx (last visited Oct. 8, 2021). Defendant is to serve federal sentences consecutively for the above-captioned matter and a supervised release violation in another matter (CR09-269). Dkt. # 194 at 3.

Defendant seeks an order suspending execution of the judgment issued by this Court, which remains pending due to defendant's current incarceration in the custody of the State of Washington. Dkt. # 194. Defendant makes the same request in the matter of United States v. Tillisy, CR09-269 MJP, where he faces another criminal judgment to run consecutively. CR09-269 MJP, Dkts. # 239 (Motion to Suspend), # 232 (Judgment).[1] Defendant requests the

---

[1] This Order addresses only the above-captioned matter.

ORDER DENYING MOTION TO SUSPEND AND
MOTION TO APPOINT COUNSEL - 1

suspension of judgment so that he can then petition the State for "Extraordinary Medical Placement." Dkt. # 236 at 1–2. Defendant claims that the pending federal judgments prevent him from filing the petition. Id. at 1. And defendant seeks release from State custody to avoid contracting COVID-19 or injuring his head, which he claims is more susceptible to injury after his "crainectomy." Id. at 1–2. To assist in his Motion to Suspend, Defendant also seeks appointment of counsel. Dkt. # 235 at 1–2.

While the Court is sympathetic to defendant's concerns about contracting COVID-19 or suffering a head injury, it is unpersuaded by the merits of defendant's request. Invoking the Court's inherent authority, defendant seeks the suspension of the judgment solely to petition the State for extraordinary medical placement. But extraordinary medical placement is only available if, among other things: (1) the offender's medical care is "serious enough to require costly care or treatment"; (2) it would result in cost savings; (3) the offender is likely to be physically incapacitated at the time of placement; and (4) the offender poses a low risk to the community because he is incapacitated due to age or a medical condition. See Dkt. # 238 at 21 (Extraordinary Medical Placement Policy, DOC Num. 350.270(C)). Defendant offers no argument as to how he would or could satisfy any of these requirements. The Court's own review of the record suggests defendant is unlikely to obtain relief under this policy. In particular, the Court sees no evidence that defendant is incapacitated, notwithstanding his medical history. This undermines the basis for the requested relief. And the Court finds no other grounds that would warrant a suspension of judgment. Defendant admits that he is asking the Court to "take a flyer on [him and a] leap of faith." Dkt. # 236 at 3. The Court declines to do so given the lack of justification. Accordingly, the Court DENIES the Motion to Suspend (Dkt. # 236).

As to defendant's request for appointment of counsel, defendant has previously filed two motions to appoint counsel. Dkts. # 220, # 227. In defendant's first motion, he summarized his medical challenges and asked for counsel to be appointed to explore the potential for his compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. # 220 at 1–2. Defendant alleged that he could not request "Extraordinary Medical Placement" for his state sentence due to a

ORDER DENYING MOTION TO SUSPEND AND
MOTION TO APPOINT COUNSEL - 2

detainer resulting from his federal conviction. Id. On April 17, 2020, the Court denied defendant's initial motion, finding it premature where defendant was not yet in federal custody. Dkt. # 224 at 3. The Court explained that "appointment of counsel and the use of public defender resources is best utilized when Defendant is in federal custody." Id. As for defendant's second motion, defendant argued that the federal judgment is "operative" and that he must be able to contest his federal sentence via 18 U.S.C. § 3582(c)(1)(A), with the assistance of counsel, where it is affecting potential release under his state sentence. Dkt. # 227 at 1. Defendant also described his medical challenges. Id. at 3. Upon review of defendant's second motion, the Court observed that "appointment of counsel may be warranted . . . especially in light of Defendant's recent surgery," but the Court had insufficient information to determine whether the interests of justice required appointment. Dkt. # 229 at 4. The Court referred the matter to the Office of the Federal Public Defender ("OFPD") for review on February 2, 2021, and ordered that the OFPD advise the Court if it intended to seek appointment in this matter. Id. A subsequent minute order, dated February 23, 2021, reflects that the OFPD advised the Court that defendant "currently has an attorney assisting him in the Washington state court with issues related to his health and confinement." Dkt. # 230 at 1–2. The Court concluded that appointment of counsel was unwarranted and informed defendant that he "may renew his motion once he enters federal custody or if other reasons justify seeking appointment of counsel before he enters federal custody." Id. at 2.

Defendant's instant motion requests that the Court appoint counsel "to petition [the] [C]ourt to suspend the execution" of his federal sentence before it begins. Dkt. # 235 at 1. Defendant reasserts that he cannot request "Extraordinary Medical Placement" due to a detainer resulting from his federal conviction. Id. at 2. Defendant argues that the Court has "inherent authority" to suspend the execution of this sentence "so he may seek release via Extraordinary Medical Placement for the remainder of his state sentence." Id. Defendant contends that "historically," courts have allowed defendants months or years to begin serving their prison sentence, and he refers to 18 U.S.C. § 3141 as allowing for a defendant's release prior to the beginning of a federal sentence. Id. To the extent that defendant seeks appointment of counsel to

ORDER DENYING MOTION TO SUSPEND AND
MOTION TO APPOINT COUNSEL - 3

pursue compassionate release, which defendant acknowledges has already been rejected, id. at 1, the Court finds that defendant has not presented any new arguments justifying appointment before his entry into federal custody. To the extent that defendant seeks appointment of counsel to pursue a request for release pending execution of his sentence under 18 U.S.C § 3141, this statute concerns the authority of the Court to release a defendant, inter alia, "pending imposition or execution of sentence," but it does not permit the Court to alter a sentence requiring that certain terms of federal imprisonment run consecutively to certain terms of state imprisonment, i.e., requiring that defendant serve one term immediately following another. See generally 18 U.S.C. § 3141; Dkt. # 194 at 3 (Judgment stating that the federal terms of imprisonment will run consecutively with the sentences in the state matters).[2] Defendant has not persuaded the Court that he is entitled to appointment of counsel to pursue the relief he requests. Additionally, given the Court's analysis on the Motion to Suspend, it finds that appointment would not materially assist the Court in resolving the issue. The Court therefore DENIES the Motion to Appoint Counsel without prejudice.

     For the foregoing reasons, defendant's Motion to Suspend (Dkt. # 236) is DENIED, and defendant's Motion to Appoint Counsel (Dkt. # 235) is DENIED without prejudice. The Clerk is directed to provide copies of this Order to defendant and all counsel.

     DATED this 8th day of October, 2021.

*Robert S. Lasnik (signature)*

Robert S. Lasnik
United States District Judge

---

[2] Defendant does not appear to be seeking relief under §§ 2241, 2254, or 2255 of title 28, nor has it been established that "interests of justice" would require appointment of counsel. See 18 U.S.C. § 3006A(a)(2) (providing that "representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require").

ORDER DENYING MOTION TO SUSPEND AND
MOTION TO APPOINT COUNSEL - 4