UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310-RSL<br><br>ORDER DENYING MOTION<br>TO APPOINT COUNSEL |

This matter comes before the Court on defendant's "Renewed Motion to Appoint Counsel." (Dkt. # 240). Having reviewed the motion and the remainder of the record, the Court finds as follows:

Defendant is currently a prisoner in the custody of the State of Washington at the Monroe Correctional Complex. Dkt. # 240 at 1; Inmate Search, Dep't of Corr. Wash. State, https://doc.wa.gov/information/inmate-search/default.aspx (last visited Feb. 3, 2022). Defendant states that his estimated release date from the Monroe Correctional Complex is July 29, 2022. Dkt. # 240 at 1. Defendant is serving the following sentences consecutively: (i) a 120-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1, (ii) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5, (iii) an 84-month federal term of imprisonment imposed by this Court in the above-captioned matter, and (iv) a one-year and one-day federal term of imprisonment for a supervised release violation in Case No. CR09-269-MJP. Dkts. # 185 at 12, 194 at 3; CR09-269-MJP Dkt. # 232 at 3.

ORDER DENYING MOTION TO APPOINT
COUNSEL - 1

Defendant requests appointment of counsel pursuant to Western District of Washington General Order No. 03-19, General Order Re: First Step Act (Compassionate Release and Good Time Issues),[1] so that he may file for compassionate release.

Defendant has previously filed three similar motions to appoint counsel. Dkts. # 220, 227, 235. These motions have been denied on the grounds, *inter alia*, that defendant is not in federal custody. The second motion was denied after referral to the Office of the Federal Public Defender to advise the Court if it sought appointment, which it declined. Dkts. # 224, 229, 230, 239.

Defendant argues that he is entitled to appointment of counsel and may pursue a request prior to making a formal request to the Bureau of Prisons. It appears that the implication of defendant's argument is that because defendants outside of federal custody may qualify for compassionate release without satisfying 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, the fact that he is in state custody should not preclude appointment of counsel. Defendant cites two cases for this proposition: United States v. Gonzalez, 451 F. Supp. 3d 1194 (E.D. Wash. 2020) and United States v. Edwards, 451 F. Supp. 3d 562, 563 (W.D. Va. 2020). As these are decisions of other district courts and not of the Ninth Circuit or the U.S. Supreme Court, they are not binding on this Court. However, the Court will consider them for their persuasive value.

Neither case supports defendant's proposition. In Gonzalez, while Ms. Gonzalez was in state custody, there is no indication that she was serving a state sentence. Rather, the opinion states, "Defendant began serving her [federal] term of imprisonment by reporting to the Spokane County Jail, pending Bureau of Prisons' designation and transfer." Gonzalez, 451 F. Supp. 3d at 1195. This is unlike defendant, who is serving a state sentence in state custody. Further, contrary to defendant's argument, the Gonzalez court did not indicate that she was not required to exhaust administrative remedies. Rather, the court found, "Defendant *has effectively exhausted her administrative remedies* by petitioning the BOP, giving them notice, and being

---

[1] Defendant's motion refers to "the General Order regarding appointing of counsel in order for defendants to seek resentencing under 18 U.S.C. 3582(c)(1)(a)." The Court understands this to refer to General Order No. 03-19.

ORDER DENYING MOTION TO APPOINT
COUNSEL - 2

told she does not have any other administrative path or remedies she can pursue.  Any further attempt to exhaust administrative remedies at this time would be futile." Id. at 1196 (emphasis added).  The Gonzalez court did not consider Ms. Gonzalez's entitlement to appointed counsel.

In Edwards, Mr. Edwards was in federal custody.  Edwards, 451 F. Supp. 3d at 564.  The court stated, "There is no dispute that Edwards exhausted his administrative remedies, as § 3582(c)(1)(A) requires," and explained he had submitted a request to the warden that the Bureau of Prisons then denied.  Id. at 565.  The Edwards court likewise did not consider Mr. Edwards' entitlement to appointed counsel.

While the Court acknowledges General Order No. 03-19, the Court reiterates its conclusion that defendant's motion is premature.  The use of public federal defender resources is best utilized when defendant is in federal custody.  Defendant may renew his motion once he enters federal custody.

For the foregoing reasons, defendant's Renewed Motion to Appoint Counsel (Dkt. # 240) is DENIED without prejudice.  The Clerk is directed to provide copies of this Order to defendant and all counsel.

DATED this 3rd day of February, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL - 3