UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MUHAMMED ZBEIDA TILLISY, <br><br> Defendant. | Case No. CR13-310-RSL <br><br> ORDER DENYING EMERGENCY MOTION TO TRANSFER CUSTODY |

This matter comes before the Court on defendant's "Emergency Motion to Transfer Custody." (Dkt. # 244.) Having reviewed the motion, the supporting materials, and the balance of the record, the Court DENIES the motion.

Defendant remains in state custody and asks the Court to "lift the federal detainer currently in place upon him" so that he can petition the State of Washington for "extraordinary medical placement and/or home confinement." Dkt. # 244 at 1-2. Defendant asks the Court to either: (a) make the "detainer" effective upon his release from state custody; (b) order a surrender date at the end of his state custody; or (c) enter an appearance date at the end of his state custody. Id. at 2. Defendant's reference to a "federal detainer" most likely arises out of the Washington Department of Correction's use of the term in denying his application for extraordinary medical placement. See Dkt. # 245 at 8 (denying the request on account "of [his] federal detainer"). But there is currently no pre-trial detainer pending against defendant—only a judgment of imprisonment for eighty-four months to run "consecutively with the sentences imposed by the Snohomish County Superior Court in Case Number 12-01574 and 13-310, and

ORDER DENYING EMERGENCY MOTION TO
TRANSFER CUSTODY - 1

consecutively to the sentence imposed on September 17, 2013 in W.D. Wash. Case No. 09-269." Dkt. # 194 at 3.  The Court therefore construes the motion as also seeking a suspension of this Court's judgment pending against him until he completes his term of imprisonment in state custody.  This not the first time that defendant has made this request—the Court recently denied defendant's request to suspend the judgment pending against him.  See Dkt. # 239 (Order Denying Motion to Suspend Execution of Judgment and Motion to Appoint Counsel).  In that Order, the Court reasoned that defendant failed to demonstrate how he might qualify for extraordinary medical placement even if the Court were to invoke its inherent authority to suspend the judgment.  Id.

     Defendant's new motion offers no basis for the Court to revisit its earlier decision.  Defendant invokes the Eighth Amendment and 18 U.S.C. §§ 3141 and 3142 as grounds for the relief he seeks.  But defendant offers no analysis or argument as to why the Eighth Amendment compels granting the relief sought.  Similarly, neither statute he cites appears applicable because he is not in pre-trial detention.  The Court continues to see no basis to suspend the judgment given that defendant has not provided any evidence or argument as to how he could qualify for extraordinary medical placement under the State's policy.  See Dkt. # 238 at 21 (Extraordinary Medical Placement Policy, DOC Num. 350.270(C)).  This same analysis applies even if the Court were to construe the judgment as a "detainer."  Defendant's failure to provide any indication as to how he can qualify for extraordinary medical placement undermines the basis of the requested relief.

     For all of the foregoing reasons, defendant's Emergency Motion to Transfer Custody (Dkt. # 244) is DENIED.  The Clerk is directed to provide copies of this Order to defendant and all counsel.

     DATED this 1st day of March, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING EMERGENCY MOTION TO
TRANSFER CUSTODY - 2