UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310-RSL<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on defendant's "Motion for Reconsideration." (Dkt. # 247). Having reviewed the motion, the supporting materials, and the balance of the record, the Court DENIES the motion.

On March 1, 2022, the Court entered an Order denying defendant's "Emergency Motion to Transfer Custody." (Dkt. # 246). The Court reasoned that defendant had offered no basis for the Court to revisit its earlier determination that defendant failed to demonstrate how he might qualify for extraordinary medical placement, a Washington State Department of Corrections ("DOC") policy permitting some individuals to be placed in an alternative care setting, even if the Court were to invoke its inherent authority to suspend the judgment. Dkt. # 246 at 1-2 (citing Dkt. # 239); see also State of Wash. Dept' of Corr., Policy: Extraordinary Medical Placement, DOC No. 350.270 at p. 2. Defendant now moves the Court to reconsider that Order.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. CrR 12(b)(13)(A).

Defendant challenges the Court's Order on the following grounds: (i) his right to be free from cruel and unusual punishment, (ii) the government did not file an objection to his emergency motion to transfer custody, (iii) the Court erred when it stated that 18 U.S.C. §§ 3141 and 3142 apply only to pretrial detention, and (iv) the Court erred when it concluded that defendant is not eligible for extraordinary medical placement.

Just as defendant's prior motion offered no analysis or argument as to why the Eighth Amendment compels the relief sought, see Dkt. # 246 at 2, defendant now offers no basis for the Court to reconsider its earlier decision on Eighth Amendment grounds. Failure to point out with specificity the matters requiring reconsideration is grounds for denial of a motion for reconsideration. See Local Rules W.D. Wash. CrR 12(b)(13)(B). Defendant's motion on Eighth Amendment grounds is therefore denied.

Regarding defendant's assertion that the government did not file an objection to his prior motion, the local court rules grant the Court discretion to determine whether to decide a motion on this ground. See Local Rules W.D. Wash. CrR 12(b)(4) ("If a party fails to file the papers required by this rule . . . such failure may be deemed by the court to be an admission that . . . the opposition to the motion . . . is without merit."). The Court acted within its discretion when it declined to find in defendant's favor solely because the government did not respond. Defendant's motion on this ground is therefore denied.

Defendant next argues that the Court erred when it stated that 18 U.S.C. §§ 3141 and 3142 apply only to pretrial detention. The Court interprets this as an assertion that the Court committed manifest error in the prior ruling. See Local Rules W.D. Wash. CrR 12(b)(13)(A). Defendant is correct that 18 U.S.C. § 3141 does not apply solely to pretrial detention. However, as the Court explained in its Order entered October 8, 2021 (Dkt. # 239), the statute also does not aid defendant in his pursuit:

> [§ 3141] concerns the authority of the Court to release a defendant, inter alia, "pending imposition or execution of sentence," but it does not permit

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

the Court to alter a sentence requiring that certain terms of federal imprisonment run consecutively to certain terms of state imprisonment, i.e., requiring that defendant serve one term immediately following another.

Dkt. # 239 at 4 (citing 18 U.S.C. § 3141; Dkt. # 194 at 3 (Judgment stating that the federal terms of imprisonment run consecutively with the sentences in the State matters)).  18 U.S.C. § 3142, on the other hand, does in fact apply only to pretrial detention.  However, even assuming, *arguendo*, that defendant is correct and both statutes grant the Court power to suspend his sentence, it is inconsequential.  The underpinning of the Court's prior ruling was its determination that defendant has failed to show he is eligible for extraordinary medical placement.  The Court therefore denies defendant's motion on this ground.

Finally, defendant argues that the Court erred when it concluded that he is not eligible for extraordinary medical placement.  The Court likewise interprets this as an assertion that the Court committed manifest error in the prior ruling.  See Local Rules W.D. Wash. CrR 12(b)(13)(A).[1]  However, defendant offers no new analysis to support this assertion.

Defendant argues that the Court has bestowed upon him an impossible task in stating that he must first show that he qualifies for extraordinary medical placement before the Court will act, given that the DOC has stated that the Court must act before it will evaluate him for extraordinary medical placement.  Defendant misunderstands the Court's instruction.  The Court does not require defendant to show that the DOC has already approved him for extraordinary medical placement.  Rather, the Court requires that defendant show that under current Washington State law and DOC policy, he would be eligible for extraordinary medical

---

[1] To the extent that defendant argues that it is a new fact that if he is granted extraordinary medical placement the Libyan embassy would "foot[] the healthcare [resulting in a] cost savings to the State," Dkt. # 247 at 3, defendant's statement that this information is available in a declaration "previously filed in 2013 filings," id., demonstrates that this is not a new fact.  There is no reason that defendant could not bring this to the Court's attention in his original motion with reasonable diligence.  See Local Rules W.D. Wash. CrR 12(b)(13)(A).  It is therefore not a proper ground for reconsideration.  Even if it was a proper ground for reconsideration, it would not sway the Court's conclusion that defendant has not shown he is eligible for extraordinary medical placement.

ORDER DENYING MOTION FOR
RECONSIDERATION - 3

placement.[2] The Court has already concluded twice that the evidence that defendant repeatedly submits does not make the requisite showing. See, e.g., Dkts. # 246 (Order denying defendant's emergency motion to transfer custody), # 239 (Order denying defendant's motion to suspend execution of judgment). Defendant's repeated assertion that the Court is wrong will not change this result.

To successfully show that he is entitled to extraordinary medical placement, defendant would need, at the least, to walk through each requirement set forth in the current iteration of the DOC policy and, with supporting evidence, explain how he meets each requirement in turn. Defendant is cautioned that the Court has already reviewed all evidence on the record and concluded that he is unlikely to meet the requirements set forth in the policy. It is therefore unlikely he would be able to successfully argue his entitlement to extraordinary medical placement without providing new evidence. Further, the Court offers no guarantees that it would find in defendant's favor on any future arguments regarding his federal sentence even if he is first able to show his qualification for State extraordinary medical placement. The Court would need to consider such arguments as presented at that time.

For all of the foregoing reasons, defendant's Motion for Reconsideration (Dkt. # 247) is DENIED. The Clerk is directed to provide copies of this Order to defendant and all counsel.

DATED this 10th day of March, 2022.

Robert S. Lasnik
United States District Judge

---

[2] According to DOC policy, extraordinary medical placement "may be considered when *all of the following* conditions exist: (1) The individual has a medical condition that is serious enough to require costly care or treatment, (2) Granting the EMP will result in a cost savings to the State, (3) The individual poses a low risk to the community, and (4) The individual is currently or expected to be physically/mentally incapacitated by the time EMP is referred to the Secretary, as determined by the Chief Medical Officer/designee." State of Wash. Dept' of Corr., Policy: Extraordinary Medical Placement, DOC No. 350.270 at p. 2 (emphasis added). This is only a threshold determination. The policy also includes, e.g., reasons why an individual would not qualify for extraordinary medical placement. See id. at p. 2-3.

ORDER DENYING MOTION FOR
RECONSIDERATION - 4