UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310-RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTIONS |

This matter comes before the Court on defendant's (1) "Motion for ADA Accommodation" (Dkt. # 245), (2) "Motion to Transfer Case to Judge Pechman" (Dkt. # 249), (3) "Renewed Emergency Motion to Suspend Execution of Judgment" (Dkt. # 250), (4) "Supplemental to Renewed Emergency Motion to Suspend Execution or Other" (Dkt. # 252), and (5) "Emergency Motion for Compassionate Release" (Dkt. # 257).  Having reviewed the motions and the remainder of the record, the Court finds as follows:

Defendant is currently a prisoner in the custody of the State of Washington at the Monroe Correctional Complex.  <u>Inmate Search</u>, Dep't of Corr. Wash. State, https://doc.wa.gov/information/inmate-search/default.aspx (last visited June 8, 2022). Defendant states that his estimated release date from the Monroe Correctional Complex is August 3, 2022.  Dkt. # 245 at 1.  Defendant is serving the following sentences consecutively: (i) a 120-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1, (ii) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5, (iii) an 84-month federal term of

ORDER DENYING
DEFENDANT'S MOTIONS - 1

imprisonment imposed by this Court in the above-captioned matter, and (iv) a one-year and one-day federal term of imprisonment for a supervised release violation in Case No. CR09-269-MJP. Dkts. # 185 at 12, 194 at 3; CR09-269-MJP Dkt. # 232 at 3.

Defendant moves the Court to: (A) appoint counsel as an accommodation under the Americans with Disabilities Act ("ADA"), see Dkt. # 245, (B) transfer the above-captioned matter to Judge Marsha J. Pechman, see Dkt. # 245, and (C) grant compassionate release, see Dkts. # 250, 252, 257.[1]  The Court considers each request in turn.

**A. Appointment of Counsel**

Defendant requests appointment of counsel as an ADA accommodation on the ground that he is legally blind due to his pseudotumor cerebri.  Defendant argues that he requires this accommodation because he is unable to do legal research and filings on his own accord.  See Dkt. # 245 at 1-2.

Defendant has previously filed four similar motions to appoint counsel.  Dkts. # 220, 227, 235, 240.  These motions have been denied on the grounds, *inter alia*, that defendant is not in federal custody.  The second motion was denied after referral to the Office of the Federal Public Defender to advise the Court if it sought appointment, which it declined.  Dkts. # 224, 229, 230, 239, 241.

Defendant points to no legal authority to support his claim that he is entitled to court-appointed legal counsel as an accommodation under the ADA, and the Court is aware of none.  To the extent that defendant seeks a reasonable accommodation under the ADA to facilitate his access to the prison law library, this is an issue that he should raise with the Monroe Correctional Complex.  The fact that defendant is one of the Court's most prolific filers casts doubt on his argument that he is unable to do legal research and filings on his own.  The Court therefore denies defendant's motion for appointment of legal counsel.

---

[1] While defendant's motions at docket numbers 250 and 252 are titled "Motion to Suspend Execution of Judgment" and "Supplemental to Renewed Emergency Motion to Suspend Execution or Other," respectively, the Court construes these motions as requests for compassionate release because the primary arguments made within go to compassionate release.  See generally Dkts. # 250, 252.

ORDER DENYING
DEFENDANT'S MOTIONS - 2

The Court reiterates that public federal defender resources are best utilized when defendant is in federal custody. Defendant may renew his request for counsel once he enters federal custody.

**B. Transfer Case**

Defendant requests that this Court transfer the above-captioned matter to Judge Pechman such that only one judge decide defendant's motions. See Dkt. # 250. Judge Pechman recently considered and denied a similar motion from defendant. See CR09-269-MJP Dkt. # 257 at 6. Judge Pechman ruled that "while there may be efficiencies to be gained in having one judge rule on Defendant's related motions, the Court finds that each sentencing judge should retain independent discretion over Defendant's requests and oversight over the separate criminal judgments and sentences that remain pending." Id. The Court agrees with Judge Pechman. The Court therefore denies defendant's request to consolidate the matters.

**C. Compassionate Release**

Finally, defendant moves the Court to grant compassionate release due to his pseudotumor cerebri. See Dkts. # 250, 252, 257. The government objects to this motion. See Dkt. # 258.

Defendant explains that he has exhausted his administrative remedies by filing a request for compassionate release with the Bureau of Prisons on October 9, 2021. See Dkt. # 250 at 3. The Court, however, does not have the power to grant defendant compassionate release before he enters federal custody, regardless of whether defendant has exhausted his administrative remedies. United States v. Fower, 30 F.4th 823, 825 (9th Cir. 2022) ("[A] convicted defendant is not entitled to seek statutory compassionate relief prior to incarceration."). As an opinion of the Ninth Circuit, Fower is binding on this Court. Fower was issued on April 4, 2022. It is therefore inconsequential if defendant is able to locate decisions predating Fower that held differently because Fower became binding on the Court when issued.

While Fower bolstered the Court's conclusion that defendant is ineligible for compassionate release at this time, it did not strip the Court of its inherent authority to grant defendant's request to delay the imposition of his sentence. The Ninth Circuit confirmed that "a

ORDER DENYING
DEFENDANT'S MOTIONS - 3

district court is [not] powerless to provide a semblance of compassionate relief in the normal exercise of its broad discretion." Id. at 827. "If the circumstances warrant, a district court may delay the imposition of sentence or extend the time to surrender to the BOP." Id. However, like Judge Pechman, see CR09-269-MJP Dkt. # 257 at 3, the Court finds that doing so here would be an abuse of its discretion.

The reason behind defendant's various motions is that the Washington Department of Corrections ("DOC") has made clear to him that he is ineligible for extraordinary medical placement due to his consecutive federal sentence. See Dkt. # 250 at 4. Defendant now also argues that his federal sentence renders him ineligible for the DOC's graduated reentry program ("GRE"). See id. As the Court has repeatedly explained to defendant, the first step in convincing the Court that imposition of his sentence should be delayed is to convince the Court that he would be eligible for the DOC program he seeks but for his federal sentence. See, e.g., Dkt. # 248 at 4 ("To successfully show that he is entitled to extraordinary medical placement, defendant would need, at the least, to walk through each requirement set forth in the current iteration of the DOC policy and, with supporting evidence, explain how he meets each requirement in turn."). Defendant's repeated failure to even attempt to make this showing as to either extraordinary medical placement or GRE precludes the Court from giving serious consideration to defendant's request.[2] The Court therefore concludes that suspending the imposition of defendant's sentence on the record before it would be an improper exercise of its discretion.

---

[2] The Court also notes its skepticism that defendant is eligible for either program. For example, extraordinary medical placement requires that defendant "is currently or expected to be physically/mentally incapacitated by the time the [extraordinary medical placement] is referred to the [DOC] Secretary." See State of Wash. Dept' of Corr., Policy: Extraordinary Medical Placement, DOC No. 350.270 at p. 2. Defendant's many *pro se* filings indicate that he is not currently incapacitated, and he has neither claimed nor shown any evidence indicating that he expects to be incapacitated in the near future. Regarding GRE, the Court joins in Judge Pechman's doubt that "the DOC would grant the requested relief for three months of reentry assistance given that he still must serve time in federal custody upon completion of his state sentence even if the Court suspended the federal judgments as requested." CR09-269-MJP Dkt. # 257 at 4.

ORDER DENYING
DEFENDANT'S MOTIONS - 4

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Motion for ADA Accommodation (Dkt. # 245) is DENIED.
2. Defendant's Motion to Transfer Case to Judge Pechman (Dkt. # 249) is DENIED.
3. Defendant's Renewed Emergency Motion to Suspend Execution of Judgment (Dkt. # 250) is DENIED.
4. Defendant's Supplemental to Renewed Emergency Motion to Suspend Execution or Other (Dkt. # 252) is DENIED.
5. Defendant's Emergency Motion for Compassionate Release (Dkt. # 257) is DENIED.

The Clerk is directed to provide copies of this Order to defendant and all counsel.

DATED this 24th day of June, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING
DEFENDANT'S MOTIONS - 5