UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310-RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTIONS |

This matter comes before the Court on defendant's (1) "Petition for Nunc Pro Tunc Designation" (Dkt. # 259), (2) "Motion to Appoint Counsel" (Dkt. # 260), and (3) "Supplemental Motion for Federal Primary Jurisdiction" (Dkt. # 263). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

Defendant is currently a prisoner in the custody of the State of Washington at the Monroe Correctional Complex. Inmate Search, Dep't of Corr. Wash. State, https://doc.wa.gov/information/inmate-search/default.aspx (last visited June 23, 2022). Defendant is serving the following sentences consecutively: (1) a 120-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1, (2) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5, (3) an 84-month federal term of imprisonment imposed by this Court in the above-captioned matter, and (4) a one-year and one-day federal term of imprisonment for a supervised release violation in Case No. CR09-269-MJP. Dkts. # 185 at 12, 194 at 3; CR09-269-MJP Dkt. # 232 at 3.

ORDER DENYING
DEFENDANT'S MOTIONS - 1

Defendant moves the Court to: (A) find that he has been subject to federal primary jurisdiction since September 14, 2012 and grant him credit for time served since that date towards his federal sentences, see Dkts. # 259, 261, 262, 263, and (B) appoint counsel, see Dkt. # 260. The Court considers each request in turn.

### A. Federal Primary Jurisdiction

Defendant moves the Court to find that he has been subject to federal primary jurisdiction since September 14, 2012 and grant him credit for time served since that date towards his federal sentences by ordering the BOP to nunc pro tunc designate defendant's state prison facility as the facility for service of his federal sentences.

A brief recitation of the relevant facts provides context for defendant's arguments: on May 25, 2012, Judge Pechman issued an arrest warrant for defendant premised on violations of defendant's conditions of federal supervised release. CR09-269-MJP Dkt. # 155. On May 30, 2012, defendant was arrested on state charges and detained in the Snohomish County Jail pending trial. Dkt. # 183 at ¶ 3. Due to Judge Pechman's arrest warrant, a federal detainer was lodged against defendant. Id. On September 10, 2012, defendant initiated a fraudulent scheme whereby he impersonated Assistant U.S. Attorney Aravind Swaminathan and conned Deputy U.S. Marshal Thomas Decker into lifting his federal detainer and informing Snohomish County that it was no longer in place. Id. at ¶¶ 7-10. On September 12, 2012, defendant's father posted defendant's $25,000 state bail. Id. at ¶ 10. On the same date, the Snohomish County Jail released defendant, and because the federal detainer had been lifted, he was not transferred to federal custody upon his release from state custody. Id. On September 14, 2012, having discovered the fraud, the U.S. Marshals Service located defendant at his girlfriend's house, arrested him, and returned him to state custody. Id. This course of conduct ultimately resulted in defendant's conviction by a jury before this Court for false statement or representation to a federal agency, in violation of 18 U.S.C. § 1001, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and false impersonation of a federal official, in violation of 18 U.S.C. § 912, among other felony convictions. Dkt. # 154.

Defendant now argues that when he posted state bail on September 12, 2012, this caused the state to relinquish primary jurisdiction.  Therefore, he argues, he has been subject to federal primary jurisdiction since the U.S. Marshals rearrested him on September 14, 2012, and, in consequence, his state and federal sentences have been running concurrently since that time. Defendant's argument has two fatal defects: (1) the fact that he posted state bail did not ultimately deprive the state of primary jurisdiction, and (2) this Court and Judge Pechman both explicitly ordered defendant's federal sentences to run *consecutively* to his state sentences.

First, the doctrine of comity establishes that the state regained primary jurisdiction when the U.S. Marshals returned defendant to state custody on September 14, 2012.  As a general rule, "the first sovereign to arrest a defendant obtains primary jurisdiction over him as against other sovereigns." Johnson v. Gill, 883 F.3d 756, 761 (9th Cir. 2018) (citing Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)). "A sovereign's priority terminates when the sentence expires, charges are dismissed, or the prisoner is allowed to go free." Id. at 765 (citations omitted).  Defendant is correct that when a defendant is released on bail, the releasing sovereign relinquishes primary jurisdiction.  See Taylor v. Reno, 164 F.3d 440, 445 (9th Cir. 1998).  The government's response memorandum does not confront the fact that defendant posted state bail and therefore oversimplifies this point.  See Dkt. # 264 at 2.  Nonetheless, applying the doctrine of comity, the Court concludes that the state indeed regained primary jurisdiction.

When one sovereign transfers a defendant to another sovereign, the determination of primary jurisdiction "requires an exercise of comity between the sovereigns, and turns on whether the [sovereign] with primary jurisdiction intended to surrender its priority upon transfer or merely transferred temporary control of the defendant to the [other sovereign]." Johnson, 883 F.3d at 765.  Under the doctrine of comity, the discretion to elect to relinquish a defendant to another sovereign is an executive, not a judicial, function.  United States v. Warren, 610 F.2d 680, 685 (9th Cir. 1980) (citing Ponzi, 258 U.S. at 261-62; Strand v. Schmittroth, 251 F.2d 590, 609 (9th Cir. 1957), cert. dismissed, 355 U.S. 886 (1957)). "In the federal system, the 'power and discretion' to practice comity is vested in the Attorney General." Id. (citing Ponzi, 258 U.S. at 262).  The U.S. Marshals Service is a bureau within the U.S. Department of Justice under the

ORDER DENYING
DEFENDANT'S MOTIONS - 3

1  authority and direction of the Attorney General, 28 U.S.C. § 561(a), and the Assistant U.S.
2  Attorney is statutorily authorized to assist the Attorney General in the performance of his duties,
3  28 U.S.C. § 506.
4      Applying the doctrine of comity to the facts of this case, even if the state forfeited
5  primary jurisdiction when it released defendant on bail and the federal government gained
6  primary jurisdiction when the U.S. Marshals apprehended defendant, the federal government
7  ceded primary jurisdiction back to the state when the U.S. Marshals returned defendant to the
8  state's custody.  This is because the U.S. Marshals Service, as a designee of the Attorney
9  General, had the power to return defendant to state primary jurisdiction under the doctrine of
10 comity, and it chose to do so.  Accord Warren, 610 F.2d at 685.  Further, the Assistant U.S.
11 Attorney ratified defendant's return to state primary jurisdiction when the office waited to
12 commence defendant's prosecution before this Court until after his conviction and sentencing in
13 state court.  See Dkts. # 1, 16 (federal complaint and indictment dated after state judgments).
14 Primary jurisdiction, is, after all, the method of establishing "who goes first."  See Taylor, 164
15 F.3d at 444 ("The term 'primary jurisdiction' in this context refers to the determination of
16 priority of custody and service of sentence between state and federal sovereigns.").
17     Second, even if, assuming *arguendo*, defendant was subject to federal primary
18 jurisdiction since his rearrest on September 14, 2012, this would not shorten his total period of
19 incarceration.  Defendant assumes that if he has been subject to federal primary jurisdiction
20 since September 14, 2012, the fact that the state judgments are silent on whether the state
21 sentences are to run consecutively or concurrently with the federal sentences means that they
22 must run concurrently.  Defendant is incorrect.  Pursuant to 18 U.S.C. § 3584(a), "[I]f a term of
23 imprisonment is imposed on a defendant who is already subject to an undischarged term of
24 imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of
25 imprisonment imposed at different times run consecutively unless the court orders that the terms
26 are to run concurrently." 18 U.S.C. § 3584(a).  Defendant's state sentences were imposed on
27 February 21, 2013 and July 3, 2013.  Dkt. # 261 at 5, 18.  Judge Pechman imposed her sentence
28 on September 16, 2013.  CR09-269-MJP Dkt. # 232.  This Court imposed its sentence on

ORDER DENYING
DEFENDANT'S MOTIONS - 4

January 21, 2016. Dkt. # 194.  Both federal sentences were imposed after defendant's state sentences.  By statute, both federal sentences therefore run consecutively to defendant's state sentences (and this Court's sentence also runs consecutively to Judge Pechman's sentence).  Reinforcing this result is the fact that both this Court and Judge Pechman specifically ordered the sentences to run consecutively.  See CR09-269-MJP Dkt. # 232; Dkt. # 194.  Invoking the doctrine of primary jurisdiction to change the order that defendant serves his sentences would not change this result.[1]

---

[1] Defendant's citations to law are all inapposite or unhelpful to his arguments.

Ryan v. Gonzales, 568 U.S. 57 (2013), holds that there is not a right to competence during federal habeas corpus proceedings.  This is not a habeas corpus proceeding, and competence is irrelevant to defendant's arguments.

18 U.S.C.§ 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C.§ 3585(b) (emphasis added).  This statute, which governs the crediting of time spent in detention prior to the date that the sentence commenced, explicitly prohibits "double credit" against multiple sentences.  Even if applicable, it would not shorten his period of imprisonment in any way.

U.S.S.G. § 5G1.3(b) is a sentencing guideline.  It is therefore merely advisory and does not bind the Court.  See United States v. Booker, 543 U.S. 220, 245 (2005).  Further, subsection (b) governs only "relevant conduct," and defendant's state offenses are not considered relevant conduct to his convictions before this Court.  See Dkt. # 184 at 5.

18 U.S.C. § 3621 governs the imprisonment of a convicted person.  This statute grants the BOP authority to nunc pro tunc designate a state prison for service of a federal sentence.  See 18 U.S.C. § 3621(b); see also Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016).  Because this is a discretionary power statutorily granted to the BOP, this Court may only review the BOP's decision for abuse of discretion; it may not direct the BOP in the first instance.  See Rodriguez, 823 F.3d at 1242; accord Reynolds v. Thomas, 603 F.3d 1144, 1153 (9th Cir. 2010).  The Court notes that defendant's motion recognizes this: "The BOP has sole discretion authority when designating state or non-federal institutions for service of imprisonment terms issued by the District Courts."  Dkt. # 259 at 2-3.

Woodford v. Garceau, 538 U.S. 202 (2003), held that certain amendments to the habeas corpus statute applied to a habeas petition that was not pending before the district court on the effective date of the amendments.  This is not a habeas petition, and the statute discussed in that case does not apply here.

ORDER DENYING
DEFENDANT'S MOTIONS - 5

1    Finally, the Court notes that even if, again assuming *arguendo*, defendant was subject to
2 federal primary jurisdiction since his rearrest on September 14, 2012, the Court had the power to
3 direct the BOP to nunc pro tunc designate the Monroe Correctional Complex for federal
4 sentence service, *and* the Court so ordered, it is unclear how this would benefit defendant.
5 Specifically, defendant asks the Court to direct the BOP to designate his time in a state facility
6 from September 14, 2012 to present as federal time because he could then seek relief from the
7 federal court.  See Dkt. # 259 at 3.  However, if defendant's federal sentences had commenced
8 on September 14, 2012, 85 months and one day (the totality of defendant's federal sentences)
9 would have elapsed on September 15, 2020, and his consecutive state sentences would have in
10 turn commenced at that time.  Defendant would, therefore, still find himself in state custody
11 subject to state primary jurisdiction.  However, he would also find himself ineligible for
12 federally appointed counsel and other federal programs for the remainder of his state time,
13 which would be approximately another decade.  Under the status quo, defendant enters federal
14 custody this summer, and will then have the opportunity to renew his repeated motions
15 improperly brought before this Court while he was in state custody.  The Court will review his
16 motions on the merits if brought at that time.

17    **B. Appointment of Counsel**

18    Defendant argues that he is entitled to appointment of counsel because the Court's prior
19 denials of his motions have been grounded in its "incorrect" conclusion that he is subject to state
20 primary jurisdiction.  See Dkt. # 260.

21    Defendant has previously filed five similar motions to appoint counsel.  Dkts. # 220, 227,
22 235, 240, 245.  These motions have been denied on the grounds, *inter alia*, that defendant is not
23 in federal custody.  The second motion was denied after referral to the Office of the Federal
24 Public Defender to advise the Court if it sought appointment, which it declined.  Dkts. # 224,
25 229, 230, 239, 241.

26    As explained above, defendant is in state custody and subject to state primary jurisdiction
27 at this time.  The Court's prior rulings therefore stand.  Defendant may renew his request for
28 counsel once he enters federal custody.

ORDER DENYING
DEFENDANT'S MOTIONS - 6

### C. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Petition for Nunc Pro Tunc Designation (Dkt. # 259) is DENIED.
2. Defendant's Motion to Appoint Counsel (Dkt. # 260) is DENIED.
3. Defendant's Supplemental Motion for Federal Primary Jurisdiction (Dkt. # 263) is DENIED.

The Clerk is directed to provide copies of this Order to defendant and all counsel.

DATED this 24th day of June, 2022.

Robert S. Lasnik
United States District Judge