UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310-RSL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant's "Motion for Reconsideration" (Dkt. # 269). Having reviewed the motion and the balance of the record, the Court DENIES the motion.

On June 24, 2022, the Court entered an Order denying defendant's "Petition for Nunc Pro Tunc Designation," "Motion to Appoint Counsel," and "Supplemental Motion for Federal Primary Jurisdiction" (Dkt. # 268). The Court reasoned that even if the State of Washington relinquished primary jurisdiction over defendant when he was released from state custody on bail on September 11, 2012,[1] the State of Washington regained primary jurisdiction over defendant under the doctrine of comity when the U.S. Marshals returned defendant to state

---

[1] The Court notes that due to an inconsistency in the presentence investigation report pertaining to defendant, it referred to September 12, 2012 as the date that defendant posted state bail in its original Order. Compare Dkt. # 183 at ¶ 11 ("[T]he defendant was released on September 12, 2012, after his father posted $25,000 bail on the state cases.") with id. at ¶ 3 ("He was released from custody, on fraudulent pretenses, on September 11, 2012."). The record in CR09-269-MJP confirms that defendant was released on September 11, 2012. See CR09-269-MJP Dkts. # 178, # 190.

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

custody[2] and the Assistant U.S. Attorney allowed defendant's conviction and sentencing in state court to precede his federal prosecution. See Dkt. # 268 at 3-4. The Court also explained that even if, assuming *arguendo*, defendant was subject to federal primary jurisdiction since his rearrest on September 14, 2012, this would not shorten his total period of incarceration because the doctrine of primary jurisdiction does not convert his state and federal consecutive sentences into concurrent sentences. Id. at 4-5. Finally, the Court denied defendant's motion to appoint counsel because it was premised on the Court granting his other motions. Id. at 6. Defendant now moves the Court to reconsider that Order.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. CrR 12(b)(13)(A).

Defendant does not present new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Rather, defendant asserts that the Court misunderstood the facts and circumstances underpinning his request for relief. In particular, defendant asks the Court to correct the record[3] to state that he was arrested on

---

[2] In its original Order, the Court cited the presentence investigation report for the proposition that defendant was returned to state custody upon his rearrest on September 14, 2012. See Dkt. # 183 at ¶ 3 ("He was apprehended on September 14, 2012, and returned to local custody."). It, however, appears that defendant did not return to state custody until October 4, 2012. See CR09-269-MJP Dkt. # 167 at 6 ("On October 4, 2012, the Snohomish County prosecutor obtained a writ of habeas corpus ad prosequendum for Mr. Tillisy, and he was removed to the Snohomish County Jail."); see also C12-2055-TSZ Dkt. # 48 at 2 n.1. While it is not disputed that the Snohomish County prosecutor obtained a writ of habeas corpus ad prosequendum for defendant, the Court notes it could not locate the writ in the record before it.

[3] The Court reminds defendant that is his responsibility, not that of the Court, to develop the record. "Citations to documents already in the record, including declarations, exhibits, and any documents previously filed, must include a citation to the docket number and the page number (*e.g.*, Dkt. # __ at p. __)." Local Rules W.D. Wash. LCR 10(e)(6); see also Local Rules W.D. Wash. CrR 1(a) (indicating that LCR 10 applies to criminal matters). To the extent that defendant wishes the Court to consider facts not yet appearing in the record, he must "file copies of all affidavits and photographic or documentary evidence presented in support of the motion." Local Rules W.D. Wash. CrR 12(b)(1).

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

1  September 14, 2012 on his outstanding federal warrant in Case No. CR09-269-MJP and argues
2  that this means he was brought under federal primary jurisdiction. See generally Dkt. # 269.
3  The Court interprets this as an assertion that it committed manifest error and determines that it
4  did not.

5        Defendant's numerous overlapping state and federal convictions and supervised release
6  violations create a uniquely tangled web of custody considerations, as he has been transferred
7  between state and federal custody multiple times. The Court does not dispute defendant's
8  assertion that he was arrested and appeared before Judge Brian A. Tsuchida on September 14,
9  2012 pursuant to the federal warrant issued by Judge Marsha J. Pechman on May 25, 2012. See
10 CR09-269-MJP Dkts. # 157, # 160. This, however, does not alter the Court's conclusion that
11 the State of Washington regained primary jurisdiction over defendant under the doctrine of
12 comity. See Dkt. # 268 at 3-4; see also Johnson, 883 F.3d at 765 (explaining that primary
13 jurisdiction depends on the intent of the sovereigns).

14       The Court is also skeptical that the State of Washington relinquished primary jurisdiction
15 in the first place. Defendant draws a line between his "legal" posting of state bail and his
16 "criminal" lifting of the federal detainer. See Dkt. # 269 at 2. While defendant's bail
17 documentation is not in the record, the Court in its original Order accommodated defendant's
18 version of these facts. The line, however, is not so bright – posting bail was part of defendant's
19 criminal scheme to abscond from custody. See Dkt. # 268 at 2. Release from custody typically
20 terminates a sovereign's primary jurisdiction where release was legally proper (such as on bail).
21 See Taylor, 164 F.3d at 445. A sovereign does not, however, relinquish primary jurisdiction
22 when a prisoner is released in error. Cf. Johnson, 883 F.3d at 768 ("By acknowledging and
23 correcting the error, the state and federal sovereigns made clear that they had not reached an
24 agreement to transfer primary jurisdiction over Johnson."). Further, the Court is aware of no
25 authority where a sovereign was found to have relinquished primary jurisdiction because a
26 prisoner escaped. Defendant's situation, considered in its totality, is more closely analogous to
27 an illegal escape than a legal release on bail. Defendant asserts that had he posted bail without
28 first criminally lifting the federal detainer, the state would have ceded primary jurisdiction to the

ORDER DENYING MOTION FOR
RECONSIDERATION - 3

federal government at that time.  See Dkt. # 269 at 2-3.  This is a counterfactual hypothetical, and the Court need not consider it.

The Court, again, emphasizes for defendant that primary jurisdiction amounts only to the method of determining "priority of custody and service of sentence between state and federal sovereigns," see Taylor, 164 F.3d at 444, and a conclusion that defendant has been subject to federal primary jurisdiction since September 14, 2012 would not overcome the fact that his federal sentences run consecutively to his state sentences both statutorily and by the explicit orders of this Court and Judge Pechman, see 18 U.S.C. § 3584(a); CR09-269-MJP Dkt. # 232; Dkt. # 194; cf. Taylor, 164 F.3d at 447 (finding no ineffective assistance of counsel where defendant determined to be subject to state primary jurisdiction received credit for presentencing time served against his state, but not federal, sentence).  Even if, assuming *arguendo*, defendant has been subject to federal primary jurisdiction since September 14, 2012, he has presented no viable argument entitling him to release at this time.

For all of the foregoing reasons, defendant's Motion for Reconsideration (Dkt. # 269) is DENIED.  The Clerk is directed to provide copies of this Order to defendant and all counsel.

DATED this 11th day of August, 2022.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 4