1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　　Plaintiff,

　　　v.

MUHAMMED ZBEIDA TILLISY,

　　　　　　Defendant.

Case Nos. CR13-310-RSL
CR09-269-RSL

ORDER DISMISSING
DEFENDANT'S MOTION
FOR SUBSTITUTION AND
APPOINTMENT OF
COUNSEL

This matter comes before the Court on defendant's "Emergency Motion for Substitution and Appointment of Counsel" (Dkt. # 283). Because this case was consolidated with cause no. CR09-269-RSL on appeal, *see United States v. Tillisy*, No. 22-30151 (9th Cir. Sept. 7, 2022), Dkt. # 2, this matter also comes before the Court on defendant's identical motion (Dkt. # 291) in that case. Having reviewed the motions and the balance of the record, the Court DISMISSES both motions for lack of jurisdiction.

## I.　　Background

On June 24, 2022, this Court issued an Order denying defendant's pro se petition for Nunc Pro Tunc designation, his motion to appoint counsel, and his supplemental motion for primary jurisdiction. *See* No. CR13-310-RSL, Dkt. # 268. On July 28, 2022, after defendant filed a motion for reconsideration, *id.*, Dkt. # 269, this Court approved the appointment of

ORDER DISMISSING DEFENDANT'S MOTION
FOR SUBSTITUTION AND APPOINTMENT OF
COUNSEL - 1

1   counsel David Hammerstad in defendant's case under the Criminal Justice Act, *id.*, Dkt. # 270.
2   On August 31, 2022, defendant filed a notice of appeal. *Id.*, Dkt. # 272.

3       On August 22, 2022, defendant had filed a notice of appeal in another case filed in the
4   Western District of Washington that had proceeded before the Honorable Judge Marsha J.
5   Pechman. *See* No. CR09-269-RSL, Dkt. # 277. On September 7, 2022, the Ninth Circuit sua
6   sponte consolidated both cases on appeal. *See* No. 22-30144, Dkt. # 2. On September 16, 2022,
7   Judge Pechman's case in the district court was transferred to Judge Lasnik. *See* No. CR09-269-
8   RSL, Dkt. # 282.

9       On September 15, 2022, Mr. Tillisy's appeal was remanded to this Court from the Ninth
10  Circuit for the limited purpose of determining whether Mr. Tillisy could demonstrate good cause
11  and excusable neglect for the late filing of the notices of appeal in his consolidated cases before
12  the Ninth Circuit. *See* No. 22-30144, Dkt. # 5.

13      On November 9, 2022, this Court granted Mr. Tillisy's request for an extension of time in
14  which to file his notices of appeal. *See* No. CR09-269-RSL, Dkt. # 288; No. CR13-310-RSL,
15  Dkt. # 280. This ruling terminated the limited remand and returned defendant's case to the Ninth
16  Circuit. *See* No. 22-30144, Dkt. # 10. In tandem with this ruling, the Court extended the CJA
17  appointment of Mr. Hammerstad to cause No. CR09-269-RSL.[1] *See* No. CR09-269-RSL, Dkt.
18  # 289.

19      On November 8, 2022, Mr. Tillisy filed a motion for appointment of counsel with the
20  Ninth Circuit. No. 22-30144, Dkt. # 8. However, in its determination that the "appeals will
21  proceed," following this Court's Order finding Mr. Tillisy had good cause for late filing of the
22  notices of appeal, the Ninth Circuit also found that because "[t]he district court appointed David
23  Reiner Hammerstad, Esq., to represent appellant . . . [a]ppellant's motion for appointment of
24  counsel is unnecessary." *Id.*, Dkt. # 10. The Ninth Circuit added Mr. Hammerstad to its docket.
25  *Id.*

26
27      [1] This was the first opportunity the Court had to appoint counsel, as the case was transferred to
    Judge Lasnik after the Ninth Circuit's limited remand.
28  ORDER DISMISSING DEFENDANT'S MOTION
    FOR SUBSTITUTION AND APPOINTMENT OF
    COUNSEL - 2

After the Ninth Circuit determined that defendant's motion for appointment of counsel was "unnecessary," Mr. Tillisy submitted a second motion seeking the appointment of counsel to the Ninth Circuit. *See id.*, Dkt. # 12. A month later, he filed an emergency motion seeking the appointment of counsel. *See id.*, Dkt. # 13. In both motions, Mr. Tillisy expressed concern that Mr. Hammerstad was not adequately representing in him in the appellate proceedings.

After reviewing Mr. Tillisy's filings, the Ninth Circuit ordered Mr. Hammerstad to confer with Mr. Tillisy and file a response to Mr. Tillisy's pro se submission. *See id.*, Dkt. # 17. The court stayed the briefing schedule for Mr. Tillisy's consolidated appeals pending resolution of Mr. Tillisy's pro se motion regarding appointment of counsel. *Id.*

On January 4, 2023, Mr. Hammerstad filed a response stating that he had "conferred with Mr. Tillisy for close to an hour regarding his appeal." *Id.*, Dkt. # 19. Mr. Hammerstad further confirmed that he "understands that he is appointed to Mr. Tillisy's appeal and intends to fulfill his professional responsibilities as counsel." *Id.*

On January 9, 2023, the Ninth Circuit found this response from Mr. Hammerstad "satisfactory," and ordered that Mr. Hammerstad "therefore remains counsel of record for these consolidated appeals and appellant's pro se motion (Docket Entry No. 13) to substitute counsel is denied." *Id.*, Dkt. # 22. The court reset the briefing schedule for Mr. Tillisy's consolidated appeals. *Id.*

On January 24, 2023,[2] Mr. Tillisy filed the instant motion seeking substitution of counsel in this Court. No. CR13-310-RSL, Dkt. # 283; No. CR09-269-RSL, Dkt. # 291. Mr. Tillisy again expresses concern that Mr. Hammerstad is not sufficiently communicative and is failing to adequately prosecute Mr. Tillisy's appeals.

## II.   Legal Standard

Because the only pending motion before this Court is Mr. Tillisy's instant request for substitution of counsel, "there is no adverse party before the Court and thus no active case or

---

[2] The Court notes that although the motion was filed on January 24, 2023, the letter appears to be dated January 9, 2023.

ORDER DISMISSING DEFENDANT'S MOTION FOR SUBSTITUTION AND APPOINTMENT OF COUNSEL - 3

controversy between two parties for the Court to decide within the meaning of Article III, Section 2." *U.S.A. v. Monson*, No. CR07-01441-VBF, 2016 WL 4010028, at *2 (C.D. Cal. July 7, 2016) (internal citations and quotation marks omitted). As defendant's case is currently proceeding in the Ninth Circuit, "any ruling on whether it would be appropriate to appoint counsel in connection with a motion that does not exist [in this Court], would be an impermissible advisory opinion. The Court therefore lacks jurisdiction to decide the motion to appoint counsel." *Id.*

If defendant has concerns about his appointed counsel, those concerns are properly directed at the Ninth Circuit, where his appeal is currently pending. *See, e.g.*, *United States v. Ullah*, 215 F.3d 1335 (9th Cir. 2000) (denying appellant's motion for substation of appellate counsel); *see also* No. 22-30144, Dkt. # 22 (Ninth Circuit's order concluding that Mr. Hammerstad will remain "counsel of record"). Accordingly, the Court dismisses defendant's motion for substitution or appointment of counsel.

**III.   Conclusion**

For all the foregoing reasons, defendant's motion for appointment or substitution of counsel (Dkt. # 283 in No. CR13-310-RSL and Dkt. # 291 in No. CR09-269-RSL) are DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 27th day of January, 2023.

Robert S. Lasnik
United States District Judge

ORDER DISMISSING DEFENDANT'S MOTION
FOR SUBSTITUTION AND APPOINTMENT OF
COUNSEL - 4