UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310RSL;<br>CR09-269RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion to Reduce Sentence (Compassionate Release)." Dkt. # 316, CR09-269; Dkt. # 307, CR13-310. Having considered the motion; defendant's declaration (Dkt. # 317, CR09-269; Dkt. # 308, CR13-310); the government's response (Dkt. # 322, CR09-269; Dkt. # 313, CR13-310); and the record herein, the Court DENIES defendant's motion and finds as follows:

## I.   BACKGROUND

Defendant is currently in custody at Butner Medium II Federal Correctional Institution ("Butner"). *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 21, 2024). His release date is September 8, 2029. *Id*. Defendant is currently serving consecutive federal sentences: (i) an 84-month term imposed by this Court in CR13-310,

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

Dkt. # 194 at 3, and (ii) a one-year and one-day term for a supervised release violation imposed by the Hon. Marsha J. Pechman, *see* CR09-269, Dkt. # 232 at 3. Defendant's federal term commenced after serving two consecutive sentences in state custody: (i) a 120-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1, and (ii) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5.

## II.    DISCUSSION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided an exception to that rule, known as compassionate release, which allows the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c); *see also United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The First Step Act of 2018 amended the procedural requirements governing compassionate release. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. Now, under the First Step Act, defendants are permitted to directly petition the Court for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 2

request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

As an initial matter, the Court must determine whether defendant has met the statute's administrative exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Meeting the administrative exhaustion requirement "is mandatory" and the requirement "must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). *See also* Dkt. # 322 at 7–8 (Government raising issue of administrative exhaustion in response to defendant's current motion). Defendant bears the burden of establishing that he has met the administrative exhaustion requirement. *See, e.g., United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

Defendant asserts that he submitted a request for compassionate release to the warden of Butner on August 20, 2024. Dkt. # 317, CR09-269; Dkt. # 308, CR13-310. However, defendant provides no evidence of this alleged submission and the Government states that "BOP has no record of receiving any such request." Dkt. # 322 CR09-269 at 8; Dkt. # 313 CR13-310 at 8.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

The record suggests that defendant's August 20, 2024 letter asking the warden at Butner to advocate for defendant's compassionate release was mailed to this Court, rather than to the warden at Butner. Dkt. # 316 (CR09-269) and Dkt. # 307 (CR13-310). In any event, as explained above defendant bears the burden of establishing that he has met the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). Because defendant has not met the administrative exhaustion requirement, which is "mandatory" here, the remedy of compassionate release is not available. *Keller*, 2 F.4th 1278 at 1282–1283 (9th Cir. 2021).

### III.  CONCLUSION

For all the foregoing reasons, defendant's "Motion to Reduce Sentence (Compassionate Release)" (Dkt. # 316, CR09-269; Dkt. # 307, CR13-310) is DENIED without prejudice to defendant re-filing upon satisfaction of the exhaustion requirement as set forth in 18 U.S.C. § 3582(c)(1)(A).

DATED this 22nd day of October, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4