UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case No. CR13-310RSL;<br>CR09-269RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTIONS |

This matter comes before the Court on defendant's "Motion to Appoint Counsel" (Dkt. # 328, CR09-269; Dkt. # 319, CR13-310); letters dated Dec. 15, 2024 and Dec. 22, 2024 (Dkts. # 328, 329 CR09-269; Dkts. # 320, 321, CR13-310); "Motion for Judicial Recommendation" (Dkt. # 331, CR09-269; Dkt. # 322, CR13-310); "Motion to Direct Government Response" (Dkt. # 332, CR09-269; Dkt. # 323, CR13-310); and "Supplemental Motion to Appoint Counsel" (Dkt. # 333, CR09-269; Dkt. # 324, CR13-310). Having considered these motions and letters, the Court DENIES all of defendant's motions.

**I.    BACKGROUND**

As a result of numerous convictions for fraud, defendant is currently in custody at Butner Medium II Federal Correctional Institution ("Butner"). Dkt. # 229 CR09-269; Dkt. # 193 CR13-

ORDER DENYING DEFENDANT'S
MOTIONS - 1

310; *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 17, 2025). Defendant's release date is September 8, 2029. *Id*. He is currently serving consecutive federal sentences: (i) an 84-month term imposed by this Court in CR13-310, Dkt. # 194 at 3, and (ii) a one-year and one-day term for a supervised release violation imposed by the Hon. Marsha J. Pechman, *see* CR09-269, Dkt. # 232 at 3. Defendant's federal term commenced after serving two consecutive sentences in state custody: (i) a 120-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1, and (ii) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5.

## II.  DISCUSSION

### A.  Defendant's Request for Compassionate Release

Defendant is before this Court pro se, and generally pro se filings are to be construed liberally. *Henry v. Adventist Health Castle Medical Center*, 363 F.Supp.3d 1128, 1132 (9th Cir. 2019). Construing defendant's pleadings liberally, the Court finds that defendant is again requesting compassionate release. Dkts. # 329, 331 at 8, 332, 333 at 4 CR09-269; Dkts. # 320, 322 at 8, 323, 324 at 4 CR13-310.

#### 1.  Exhaustion

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided an exception to that rule, known as compassionate release, which allows the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c);

ORDER DENYING DEFENDANT'S
MOTIONS - 2

*see also United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The First Step Act of 2018 amended the procedural requirements governing compassionate release. Prior to the First Step Act's passage, only the Director of the Bureau of Prisons ("BOP") could bring motions for compassionate release. Now, under the First Step Act, defendants are permitted to directly petition the Court for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

As an initial matter, the Court must determine whether defendant has met the statute's administrative exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Meeting the administrative exhaustion requirement "is mandatory" and the requirement "must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Defendant bears the burden of establishing that he

ORDER DENYING DEFENDANT'S
MOTIONS - 3

has met the administrative exhaustion requirement. *See, e.g., United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). Unlike in previous motions, defendant now appears to have met the administrative exhaustion requirement. Dkt. # 333 at 4 CR09-269; Dkt. # 324 at 4 CR13-310. *See also* Dkts. # 318, 325 CR09-269; Dkts. # 309, 316 CR13-310 (denying defendant's previous motions for failure to meet the administrative exhaustion requirement).

## 2. Extraordinary and Compelling Reasons

Before passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. *See* 28 U.S.C. § 994(t). In doing so, Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* The Sentencing Commission implemented this directive from Congress with a policy statement, U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> **(a) In General.**—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
>     **(1)(A)** Extraordinary and compelling reasons warrant the reduction;
>     . . .
>
>     **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

ORDER DENYING DEFENDANT'S
MOTIONS - 4

    **(3)** The reduction is consistent with this policy statement.

  **(b) Extraordinary and Compelling Reasons.**—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof . . .

    **(1) Medical Circumstances of the Defendant.—** . . .

      **(B)** The defendant is—

        **(i)** suffering from a serious physical or medical condition,

        **(ii)** suffering from a serious functional or cognitive impairment, or

        **(iii)** experiencing deteriorating physical or mental health because of the aging process,

          that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

      **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13.

  The Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 798, 802. The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but it is not binding. *Id.*

  Here, the Court construes defendant's motions as requesting compassionate release due to his medical circumstances. Dkt. # 331 at 8 CR09-269; Dkt. # 322 at 8 CR13-310. The Court would be sympathetic to anyone suffering from the numerous serious ailments described by defendant. *Id*. However, defendant has not provided this Court with independent documentation,

ORDER DENYING DEFENDANT'S
MOTIONS - 5

such as current medical records, that would support his argument that he qualifies for compassionate release due to the medical circumstances he describes. Dkts. # 328–333 CR09-269; Dkts. # 319–324 CR13-310. Independent documentation is especially important in this matter given defendant's multiple convictions for fraud. *See also* Dkt. 322 at 2:4–6 CR09-269; 313 at 2:4–6 CR13-310 ("Tillisy then tried to obtain early release by submitting forged letters to prison authorities about his need for medical care. PSR(2009) ¶¶113-19; PSR(2013) ¶73."). Thus, on the current filings the Court lacks sufficient information to determine whether the medical conditions described by defendant constitute "extraordinary and compelling reasons" that warrant compassionate release.

### B. Defendant's Request for Sentence Reduction Under U.S.S.G. § 5G1.3

Defendant appears to again request a reduction in sentence under U.S.S.G. § 5G1.3. Dkt. # 331 at 8 CR09-269; Dkt. # 322 at 8 CR13-310. *See also* Dkt. # 306 CR09-269; Dkt. # 297 CR13-310. This Court has already denied a request by defendant to reduce his sentence pursuant to U.S.S.G. § 5G1.3. Dkt. # 318 CR09-269; Dkt. # 309 CR13-310. To the extent defendant intended to file a new argument for relief under § 5G1.3, that argument is inadequately explained. Dkt. # 331 at 8 CR09-269; Dkt. # 322 at 8 CR13-310. Therefore, this request is denied.

### C. Defendant's Request for a Judicial Recommendation

Defendant asks this Court for a "judicial recommendation" to the BOP regarding his treatment. Dkt. # 331, CR09-269; Dkt. # 322, CR13-310. The action defendant is requesting appears to be beyond this Court's jurisdiction. Therefore, this request is denied.

ORDER DENYING DEFENDANT'S
MOTIONS - 6

### D. Defendant's Request for Appointment of Counsel

Defendant again requests appointment of counsel. Dkt. # 328, CR09-269; Dkt. # 319, CR13-310. On September 5, 2024, this Court denied a previous motion by defendant for appointment of counsel in connection with a compassionate release request. Dkt. # 318 CR09-269; Dkt. # 309 CR13-310. The Court denied that previous motion because defendant had not yet satisfied the administrative exhaustion requirement for compassionate release. *Id*. As discussed above, defendant now appears to have satisfied the administrative exhaustion requirement for compassionate release. Dkt. # 333 at 4 CR09-269; Dkt. # 324 at 4 CR13-310. Therefore, consistent with General Order 03-19, the Federal Public Defender's office ("FPD") was informed of defendant's request for appointment of counsel to assist with defendant's compassionate release request. The FPD declined to seek appointment in this matter and the Court declines to order appointment of counsel at this time.

### III. CONCLUSION

For all the foregoing reasons, defendant's "Motion to Appoint Counsel" (Dkt. # 328, CR09-269; Dkt. # 319, CR13-310); "Motion for Judicial Recommendation" (Dkt. # 331, CR09-269; Dkt. # 322, CR13-310); "Motion to Direct Government Response" (Dkt. # 332, CR09-269; Dkt. # 323, CR13-310); and "Supplemental Motion to Appoint Counsel" (Dkt. # 333, CR09-269; Dkt. # 324, CR13-310) are all DENIED without prejudice.

DATED this 21st day of March, 2025.

ORDER DENYING DEFENDANT'S
MOTIONS - 7

1
2
3         Robert S. Lasnik
4         United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER DENYING DEFENDANT'S
MOTIONS - 8